# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN ALBERT VEAL, JR.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.:** |
| | ) | _____ |
| v. | ) | |
| | ) | |
| **CITRUS WORLD, INC.,** | ) | **JURY TRIAL** |
| | ) | **DEMANDED** |
| **Defendants** | ) | |

## CLASS ACTION COMPLAINT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiff John Albert Veal, Jr. (hereinafter "Veal"), through his undersigned counsel, bring this nationwide class action, on behalf of himself and all others similarly situated, against defendant, Citrus World, Inc. (hereinafter "Florida's Natural").  Plaintiff seeks redress for Florida's Natural's breach of contract and breach of warranty regarding certain orange juice products sold by it.

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Veal is an adult resident citizen of Shelby County, Alabama.

2.     Citrus World, Inc. is a Florida corporation that produces and sells orange juice under its division, Florida's Natural Growers, using the name, Florida's Natural throughout the country, including in this State, district, and

division. Florida's Natural can be served through its registered agent, William J Hendry, 20205 Highway 27, Lake Wales, FL. 33853-3025.

3. This is a class action with class members located throughout the United States. Less than one-third of the class members reside in Alabama. At least one class member is a citizen of a state different from Defendants. The amount in controversy exceeds $5,000,000.00 (five million dollars) exclusive of interest and costs. Accordingly, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d) (as modified by the Class Action Fairness Act of 2005).

4. Venue is proper under 28 U.S.C. §1391, since the events giving rise to the named plaintiff's claims occurred within this judicial district and division and since defendant is subject to the personal jurisdiction of this Court.

## NATURE OF THE CASE

5. This is a putative class action on behalf of Veal and a class of all others similarly situated against the defendant Florida's Natural.

6. Florida's Natural produces, markets, and sells orange juice under the trademark Florida's Natural.

7. Florida's Natural's orange juice is sold as pure 100% orange juice.

8. Despite this claim of pure 100% orange juice, the orange juices are heavily processed, stored, and flavored before they are sold to the plaintiff and class members. The defendant's orange juices are not "fresh," "squeezed," or

"100% orange juice;" but rather a product of industrial processing and laboratory-flavored juices.

9. Large productions of orange juice like the defendant's cannot be made fresh because it has a short shelf-life. Mingua Jia, Q. Zhang, H., Min, D., *Pulsed Electric Field Processing Effects on Flavor Compounds and Microorganisms of Orange Juice*, 65 Food Chemistry 445-51 (1999).

10. Processing the orange juice extends the shelf-life, but has negative impacts on the flavor, aroma, and nutritional value. Jordan, M.J., Goodner, K.L., Laencina, J., *Deaeration and Pasteurization Effects on the Orange Juice Aromatic Fraction*, 36 Lebensm-Wiss. U. Technol. 391-96 (2003).

11. Defendant in producing their orange juices use processing to extend the shelf-life of their products. They additionally add additives such as "flavor packs" for flavor and aroma. As a result, their orange juice products are not fresh, squeezed 100% orange juice, but laboratory-created products.

12. Defendant knows that consumers prefer fresh and natural products, and will pay higher prices for products that are fresh, squeezed 100% orange juice. Despite heavily processing the orange juice and adding flavors and aromas, the defendant wrongfully sells their orange juice products as "fresh," "squeezed," "100% orange juice," and similar terms as set out more specifically herein. (See attachments).

13. Defendant does not attempt to disclose the degree of alteration they make to the product during the processing or addition of "flavor packs."

14. Plaintiff Veal seeks relief in this action individually, and as a class action on behalf of all purchasers of the defendant's orange juice products for breach of warranty and breach of contract.

## FACTUAL ALLEGATIONS

15. Plaintiff Veal, and class members, all have in the last six years purchased orange juice products produced, marketed, and sold by the defendant as pure 100% orange juice.

16. Plaintiff Veal purchased the various products at various times from stores like Target, Wal-Mart, Publix, Winn Dixie, and Bruno's near where he lives in Jefferson and Shelby Counties, Alabama.

17. Had the plaintiff Veal known the truth about the defendants' orange juice products, he would not have made his purchase choices, and would not have paid the higher value charged for the alleged quality of Florida's Natural's orange juice.

18. Plaintiff Veal contacted the defendant at their customer service number (888-657-6600) on March 9, 2012 to request a refund and a change in the defendant's representations about their products, but he was rejected.

## CLASS ACTION ALLEGATIONS

19. Plaintiff Veal brings this action on his own behalf and on behalf of others similarly situated as a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class which plaintiff seeks to represent is composed of and defined as: All persons who, in the last six years, have purchased orange juice products manufactured, produced, or sold by Florida's Natural as having pure 100% orange juice.

20. This action has been brought and may properly be maintained as a class action pursuant to the provisions of the Rule 23(a)(l)-(4) and Rule 23(b) of the Federal Rules of Civil Procedure, and satisfies the numerosity, commonality, typicality, adequacy and superiority requirements thereof because:

    a. The plaintiff class is so numerous that the individual joinder of all members is impracticable under the standard of Fed. R. Civ. P. 23(a)(l).

    b. Common questions of law and fact exist as to all members of the class, as required by Fed. R. Civ. P. 23(a)(2), and predominate over any questions which affect only individual members of the class within the meaning of Fed. R. Civ. P. 23(a)(2). These common questions of law and fact include, without limitation:

        i. Whether defendant has engaged in a violation of law as alleged herein;

    ii. Whether defendant by nature of their wrongful conduct are liable for damages and losses resulting from the conduct alleged herein; and

    iii. Whether the defendant had a policy and uniform practice with respect to selling falsely advertised orange juice.

  c. Plaintiff's claims are typical of the claims of the members of the class under Fed. R. Civ. P. 23(a)(3). The plaintiff and all members of the class sustained damages arising out of defendants' common course of conduct in violation of law as complained herein. The losses of each member of the class were caused directly by defendants' wrongful conduct in violation of law as alleged herein.

  d. The individual and representative plaintiff will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4).  Plaintiff Veal has no interests which are adverse to the interests of the class members. Plaintiff purchased, like the other class members, orange juice products manufactured, produced, marketed, or sold by the defendant. Plaintiff has retained counsel who have substantial experience and success in the prosecution of class action and consumer litigation.

  e. The scheme affected all class members similarly. Plaintiff and all members of the class were treated the same.  As a result, the issues which

affect the plaintiff and the class members in common predominate over those which affect only the interest of any particular class member. Thus, common questions of law and fact greatly predominate over questions of law or fact affecting only individual members of the class.

      f.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Fed. R. Civ. P. 23(b) since individual joinder of all members of the class is impracticable. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of the factual issues of the case. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

## FIRST CLAIM FOR RELIEF

## BREACH OF EXPRESS WARRANTY

21.     Defendant has expressly and unambiguously warranted under § 2-313 of the Uniform Commercial Code and other states' laws through their marketing, product packaging, and point of sale materials that their orange juice products are "fresh," "squeezed," "100% orange juice," and similar claims as set forth more specifically herein.

22.     By delivering a product that is not, in fact, "fresh," "squeezed," or "100% orange juice," due to its heavily processing and adding "flavor packs" to the juice, the defendants have breached their express warranty made directly to the plaintiff and class members.

23.     Plaintiff and each member of the plaintiff class have suffered damages by being delivered a product worth substantially less than the product as warranted would have been worth.

24.     Plaintiff Veal has made a demand upon the defendant to change their practices and refund the loss experienced by the class, but was rejected.

Wherefore, premises considered, plaintiff Veal and the class demand judgment against the defendant, Florida's Natural, for compensatory damages, plus interest, costs and such additional relief as the Court may deem appropriate or to which plaintiff and the class may be entitled.

## SECOND CLAIM FOR RELIEF

## BREACH OF CONTRACT

25. Defendant has expressly and unambiguously sold orange juice products that are "fresh," "squeezed," "100% orange juice," and similar quality as more specifically set forth herein.

26. Plaintiffs purchased the defendant's products.

27. The defendant breached the contracts by delivering a highly processed and "flavor pack" added product that is not "fresh," "squeezed," "100% orange juice," or similar qualified products.

Wherefore, premises considered, plaintiffs and the class demand judgment against the defendant, Florida's Natural, for compensatory damages, plus interest, costs and such additional relief as the Court may deem appropriate or to which plaintiff and the class may be entitled.

## **PRAYER FOR RELIEF**

WHEREFORE, the premises considered, plaintiff seeks the following relief:

(a) Following appropriate discovery, an order certifying this cause as a nationwide class action pursuant to Fed. R. Civ. P. 23, with appropriate subclasses as the Court deems appropriate, and notice as applicable to the absent class members, and appointing D. Frank Davis and John E. Norris as class counsel;

(b) A declaration that defendants' nationwide pattern and practice of conduct as alleged herein constitutes a breach of contract and a breach of express warranty with respect to the plaintiffs and the class as a whole;

(c)     Appropriate injunctive relief requiring the defendant to stop breaching their express warranties and breaching their agreements as complained herein;

(d)     An award of compensatory damages to compensate plaintiff and the class members;

(e)     Interest;

(f)     Attorneys' fees and costs; and

(g)     Such further and different relief as the Court may deem appropriate.

**Plaintiff demands trial by struck jury as to all issues triable by jury.**

**Plaintiff requests the defendants be served by certified mail.**

/s/ Wesley W. Barnett_____
One of the Attorneys for Plaintiff

**OF COUNSEL:**
D. Frank Davis
John E. Norris
Wesley W. Barnett
Courtney Peinhardt
Andrew Herring
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
Courtney@davisnorris.com
aherring@davisnorris.com

**NOTICE TO CLERK: PLEASE SERVE DEFENDANT VIA CERTIFIED**

**MAIL AT THE FOLLOWING ADDRESSES:**

Citrus World, Inc.
William J Hendry
20205 Highway 27
Lake Wales, FL. 33853-3025



# Florida's Natural
### PREMIUM

**Squeezed From Our Fresh Oranges**
**NOT FROM CONCENTRATE**

**100% ORANGE JUICE**

### Nutrition Facts
Serving Size 8 fl oz (240 mL)
Servings Per Container about 7

Amount Per Serving
Calories 110

| | % Daily Value* |
|---|---|
| Total Fat 0g | 0% |
| Sodium 0mg | 0% |
| Potassium 450mg | 13% |
| Total Carbohydrate 26g | 9% |
| Sugars 22g | |
| Protein 2g | |

Vitamin C 120% • Thiamin 10%
Niacin 4% • Folate 15%

Not a significant source of calories from fat, saturated fat, trans fat, cholesterol, dietary fiber, Vitamin A, calcium and iron.

*Percent Daily Values are based on a 2,000 calorie diet.

**INGREDIENTS:** PASTEURIZED ORANGE JUICE.

**Florida's Natural Growers**
A division of Citrus World, Inc.
A Cooperative Based in
Lake Wales, Florida 33853 Ⓤ

**PRODUCT OF USA**

Find us on Facebook

Best if used within 7-10 days after opening

Visit us at www.floridasnatural.com

If You Have Any Questions Or Comments, Please Call Toll-Free 1-888-657-6600

©CW MM10

Florida's Natural never imports its orange juice. It's always 100% Florida. So you always know it's delicious.



American Heart Association CERTIFIED
Meets Criteria For Heart-Healthy Foods

Diets low in saturated fat and cholesterol, and as low as possible in trans fat, may reduce the risk of heart disease.



SUSTAINABLE FORESTRY INITIATIVE — Certified Sourcing
www.sfiprogram.org



RECYCLABLE
ONLY WHERE FACILITIES EXIST
visit recyclecartons.com to see if recyclable in your area



0  16300 16565  3

3/12/12   89 oz. Crystal Clear Pitcher

Case 2:12-cv-00801-IPJ   Document 1   Filed 03/13/12   Page 14 of 15



- Our Co-Op
- Our Juices
- Fun Stuff
- Contact Us

- Our Co-Op
- 
- Our Juices
-    - Our Juices -
     - Our Carton -
     - Not-from-Concentrate -
     - Food Service -
     - F.A.Q. -
- Lifestyle
- 
- Fun Stuff
- 
- Contact Us
- 
- 



# Our Juices




## Original Orange Juice

When you take a closer look at Florida's Natural® Brand, you'll see it's not like any other juice. Our grower family works hard to bring the finest juice right from our groves to your table. Available in a crystal clear 89oz pitcher that let's everyone have just a little bit more.

- Home |
- The Grove Store |
- Videos |
- Downloads |
- Sitemap |
- Employment |
- Disclosure

©2012 Citrus World, Inc.